IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYANT LEE BAYNARD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FIRST JUDICIAL DISTRICT OF | : | |
| PENNSYLVANIA, et al. | : | NO. 15-5866 |

### MEMORANDUM

**BEETLESTONE, J.**                                                              **NOVEMBER 3RD, 2015**

Plaintiff, Bryant Lee Baynard, brings this civil rights action pursuant to 42 U.S.C. § 1983, based upon a September 5, 2011 incident that led to his arrest and conviction. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. FACTS[1]

Plaintiff brought this action against the First Judicial District of Pennsylvania, Judge Bradley Moss, the Philadelphia District Attorney and an Assistant District Attorney, a Philadelphia police officer and the 9th Police District. He is alleging, in essence, that he was falsely arrested and imprisoned after a traffic stop on September 5, 2011. Plaintiff was convicted in the Philadelphia Court of Common Pleas and sentenced to a period of incarceration. *See Commonwealth v. Baynard*, Docket No. MC-51-CR-0038069-2011.

In his prayer for relief, he is requesting that his Pennsylvania driver's license be restored and that he receive compensation for his false imprisonment.

### II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a

---

[1] **The facts are taken from the complaint, documents attached to the complaint, and public dockets for criminal proceedings related to the complaint.**

claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider exhibits attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court will construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Plaintiff's Fourth Amendment claims are time-barred. Pennsylvania's two-year statute of limitations applies to those claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period generally begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397.

Plaintiff's false arrest claims accrued by September 6, 2011, the date that plaintiff was arraigned on charges in Philadelphia Municipal Court following his arrest. *See Commonwealth v. Baynard*, Docket No. MC-51-CR-0038069-2011. As plaintiff did not file this action until October 15, 2015—more than two years after his claims accrued—the claims are time barred.

To the extent plaintiff is challenging his conviction, his claims are not cognizable in a civil rights action. If plaintiff seeks to invalidate his conviction, he must file a petition for a writ of

*habeas corpus* after exhausting state remedies, rather than a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Furthermore, a plaintiff may not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . [unless] the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). As plaintiff's conviction has not been invalidated, his claims are not cognizable.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

BY THE COURT:

WENDY BEETLESTONE, J.